IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVONNI LEE JACKSON, SR.,

    Plaintiff,               No. 2:08-cv-2121 JFM (PC)

   vs.

E.J. NORBERG, et al,

    Defendants.          FINDINGS & RECOMMENDATIONS

                           /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action seeking relief under 42 U.S.C. § 1983. Defendant Warden's February 25, 2009 motion to dismiss is before the court. In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question. See Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

1

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). To properly allege an Eighth Amendment claim for failure to protect, the inmate must assert that he was incarcerated under conditions posing a "substantial risk of serious harm," and that a prison official displayed "deliberate indifference" to that risk. Id. at 834. A prison official displays deliberate indifference when he is "both aware of facts from

which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Plaintiff alleges defendant Warden failed to protect him by allowing prison officials to continue using a van with no rear door or seat belts to transport inmates, and that plaintiff was injured when he fell from said van. In his complaint, plaintiff states the warden was grossly negligent. (Id. at 4.) Plaintiff contends the warden is responsible for institutional policies and is required to approve all vehicle repairs. Plaintiff argues the warden allowed the vehicle to be operated despite the hazard. (Id.) In his unverified opposition, plaintiff contends that during the administrative grievance process the van was deemed inappropriate and is no longer used to transport inmates because of its safety defects. (Opp'n. at 2.) Plaintiff argues that the warden's job is to oversee prison officials "to release or authorize the funds" to repair such defects. (Id.) Plaintiff contends the warden disregarded the risk of harm this van presented. (Opp'n. at 2.)

Defendant contends that plaintiff has failed to demonstrate that the warden had actual knowledge of the safety defects of this particular van and thus cannot demonstrate that the warden was deliberately indifferent to plaintiff's safety.

Plaintiff has not adequately alleged that the warden was aware of the safety defects of the van at issue here. The court has reviewed the documents provided with the complaint and none of the administrative grievance filings demonstrate the warden had such knowledge. Because it appears plaintiff is pressing claims solely on a theory of respondeat superior, defendant Walker's motion to dismiss should be granted. This action shall proceed as to defendant Norberg only.

Accordingly, IT IS ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that:

1. Defendant's February 25, 2009 motion to dismiss be granted; and

3

2. Defendant Walker be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 26, 2009.

UNITED STATES MAGISTRATE JUDGE

001; jack2121.mtd